644 F.2d 790
 15 ERC 2085, 11 Envtl. L. Rep. 20,668
 The NAVAJO TRIBE OF INDIANS, Plaintiffs-Appellants,
v.
Cecil D. ANDRUS, Secretary of the Interior, and Raymond V.
Butler, Acting Commissioner of Indian Affairs,
Defendants-Appellees,
The Hopi Tribe, Intervenor-Defendant-Appellee.
 CA No. 78-1704.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 13, 1980.
Decided May 4, 1981.
 
 Lawrence A. Ruzow, Vlassis, Ruzow & Crowder, Phoenix, Ariz., for plaintiffs-appellants; Belinda K. Barrington, Vlassis, Ruzow & Crowder, Phoenix, Ariz., on brief.
 George Romney, Salt Lake City, Utah, Thomas Pacheco, Washington, D.C., for defendants-appellees; John S. Boyden, Salt Lake City, Utah, on brief.
 Appeal from the United States District Court for the District of Arizona.
 Before TRASK and FLETCHER, Circuit Judges, and BLUMENFELD,* District Judge.
 TRASK, Circuit Judge:
 
 
 1
 Appellant Navajo Tribe seeks an injunction to restrain the Secretary from carrying out a judicially and congressionally mandated reduction of stock grazing on reservation lands held jointly by the Navajo and Hopi Tribes until he files an Environmental Impact Statement (EIS) as required by the National Environmental Protection Act (NEPA). 42 U.S.C. § 4332(2)(C). The district court found that because NEPA was in irreconcilable conflict with the statutory directive to implement the stock reduction program immediately, NEPA did not apply. The court then granted the Hopi Tribe's motion to dismiss the complaint for failure to state a claim.
 
 
 2
 On this appeal Appellant argues that the stock reduction mandate could be harmonized with NEPA. However, after submission of this case on July 8, 1980, the stock reduction mandate was amended by Public Law 96-305, 94 Stat. 929, which reads in pertinent part: "Sec. 28(a) No action taken pursuant to, in furtherance of, or as authorized by this Act, as amended, shall be deemed a major Federal action for purposes of the National Environmental Policy Act of 1969, as amended." Whether the district court's interpretation of the statute as it read when Appellant brought its action was correct or not, this clear directive from Congress forecloses the possibility that it can obtain any relief. Hence, we dismiss this appeal as moot.
 
 
 
 *
 Honorable M. Joseph Blumenfeld, Senior United States District Judge for the District of Connecticut, sitting by designation